# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES HILL and DONNA HILL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge** |
| **Parole Agent C. HARRINGTON #L13, Parole Agent** | ) | |
| **WALLS #L77, ELENA B. McKENNA, SCOTT P.** | ) | **Magistrate Judge** |
| **LIEBHABER, ROBERT W. PURVIS, MATTHEW M.** | ) | |
| **PUFPAF, JOHN A. GARTNER, DAVID M.** | ) | |
| **RODRIGUEZ, ALAN P. LASCH, KEVIN S. GEYER,** | ) | **JURY TRIAL DEMANDED** |
| **STEVEN E. SUVADA, and CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, CHARLES HILL and DONNA HILL, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complain against defendants Parole Agent C. HARRINGTON #L13, Parole Agent WALLS #L77, ELENA B. McKENNA, SCOTT P. LIEBHABER, ROBERT W. PURVIS, MATTHEW M. PUFPAF, JOHN A. GARTNER, DAVID M. RODRIGUEZ, ALAN P. LASCH, KEVIN S. GEYER, STEVEN E. SUVADA, and CITY OF CHICAGO, as follows:

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of the plaintiffs through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.      Jurisdiction is based upon 28 U.S.C. §§ 1343 and 1331.

3.      Venue lies in the United States District Court, Northern District of Illinois,

pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in

this jurisdiction.

## PARTIES

4.      At all times herein mentioned, plaintiffs, CHARLES HILL and DONNA HILL,

were and are citizens of the United States and the state of Illinois.

5.      At all times herein mentioned, defendant Parole Agent C. HARRINGTON #L13

(hereinafter "HARRINGTON") and Parole Agent WALLS #L77 (hereinafter "WALLS") were

parole officers for the State of Illinois Department of Corrections (hereinafter "IDOC") and were

acting under color of state law and as employees or agents of IDOC.

6.      At all times herein mentioned, defendants ELENA B. McKENNA (hereinafter

"McKENNA"), SCOTT P. LIEBHABER(hereinafter "LIEBHABER"), ROBERT W. PURVIS

(hereinafter "PURVIS"), MATTHEW M. PUFPAF (hereinafter "PUFPAF"), JOHN A.

GARTNER (hereinafter "GARTNER"), DAVID M. RODRIGUEZ (hereinafter

"RODRIGUEZ"), ALAN P. LASCH (hereinafter "LASCH"), KEVIN S. GEYER (hereinafter

"GEYER"), and STEVEN E. SUVADA (hereinafter "SUVADA") were sworn members of the

Chicago Police Department and were acting under color of state law and as the employees or

agents of the CITY OF CHICAGO, Illinois.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under

the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or

operated the Chicago Police Department.

2

## FACTUAL ALLEGATIONS

8.      At all times mentioned herein, plaintiffs, CHARLES HILL and DONNA HILL, lived at 4436 W. Jackson Boulevard, 2nd Floor, in Chicago, Illinois.

9.      On August 18, 2016, Keitrion Lewis, a relative of plaintiffs, was a parolee under the control of the IDOC.

10.      Upon information and belief, Lewis's registered address as a parolee was 4436 W. Jackson, 1st Floor, in Chicago, Illinois.

11.      Upon information and belief, on August 18, 2016, defendants HARRINGTON and WALLS were Lewis's parole officers.

12.      Upon information and belief, on August 18, 2016, defendants GARTNER, RODRIGUEZ, LASCH, and GEYER were supervisors in the Chicago Police Department and as such had supervisory liability.

13.      Upon information and belief, on August 18, 2016, defendant SUVADA was a detective in the Chicago Police Department who investigated this case.

14.      Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER entered plaintiffs' apartment at 4436 W. Jackson, 2nd floor, on August 18, 2016.

15.      Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER did not have a warrant to enter plaintiffs' apartment.

16.      Said defendants did not have consent to enter plaintiffs' apartment.

3

17.     Said defendants did not have probable cause to believe a crime had been or was being committed in plaintiffs' apartment, and they did not have a belief that exigent circumstances necessitated their entry into plaintiffs' apartment.

18.     The first-floor and second-floor apartments at 4436 W. Jackson are separate and distinct units, with different means of ingress and egress and separated by locked doors.

19.     Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER searched the plaintiffs' second-floor apartment and their back porch.

20.     Said defendants pulled items out of chests and closets, leaving the home in disarray.

21.     Said defendants illegally seized CHARLES HILL's firearms and ammunition, which he lawfully owned and possessed.

22.     In order to seize his ammunition and firearms, said defendants cut the lock on the gun locker in which plaintiff CHARLES HILL kept his firearms and ammunition.

23.     During the search, said defendants ordered DONNA HILL to exit her apartment and refused to her allow her to re-enter while they were searching.

24.     When CHARLES HILL arrived at his home, defendants refused to allow him to enter his home.

25.     During the time that plaintiffs were not permitted to reenter their home, they were not free to leave.

26.     When plaintiffs were finally permitted to re-enter their home after the defendants had completed their search, plaintiffs found that some cash was missing from the apartment.

4

27. Plaintiff CHARLES HILL works part-time as a security officer, and after defendants seized his weapons, he was unable to work as a security guard.

28. Defendant SUVADA investigated the case as a detective and despite determining that Lewis would not be charged with a weapons charge, the firearms and ammunition were not returned to CHARLES HILL.

29. Plaintiff CHARLES HILL's firearms and ammunition were never returned to him.

30. By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiffs sustained humiliation and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

31. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

32. By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiffs, CHARLES HILL and DONNA HILL, Against Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER for Unconstitutional Entry and Search of Home**

33. Plaintiffs, CHARLES HILL and DONNA HILL, incorporate and reallege paragraphs 1-32, as though set forth herein in their entirety.

5

34.     Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER illegally entered the home of plaintiffs, CHARLES HILL and DONNA HILL, at 4436 West Jackson Boulevard, 2nd Floor, in Chicago, Illinois on August 18, 2016, without a valid warrant for the home, without permission, without probable cause, without exigent circumstances, and failing to knock and announce their office before entering the home, thus invading and violating plaintiffs' security and privacy.

35.     Defendants knew or should have known that they were not in parolee Lewis' home.

36.     Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

37.     Defendants GARTNER, RODRIGUEZ, LASCH, and GEYER are each liable by his own direct actions, but also are liable as supervisors in the Chicago Police Department who approved, condoned, or turned a blind eye to the unconstitutional acts of members of the Chicago Police Department over which they had control.

38.     By reason of the conduct of defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER, plaintiffs, CHARLES HILL and DONNA HILL, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiffs, CHARLES HILL and DONNA HILL, Against Defendants HARRINGTON,**
**WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ,**
**LASCH, and GEYER for Unreasonable Scope of the Occupation and Search of Home**

39.     Plaintiffs, CHARLES HILL and DONNA HILL, incorporate and reallege

paragraphs 1-32, as though set forth herein in their entirety.

40.     Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS,

PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER illegally remained in and searched

the home of plaintiffs, CHARLES HILL and DONNA HILL, at 4436 West Jackson Boulevard,

2nd Floor, in Chicago, Illinois on August 18, 2016, beyond the time they knew or should have

known that they were in the wrong apartment.

41.     The scope of the occupation and search of the home were unreasonable both in the

duration and the breadth.  The occupation and search of plaintiffs' home should have been

abandoned.

42.     Each defendant is liable by his/her direct actions and/or by a failure to intervene in

the unconstitutional acts of other officers, despite having knowledge of those unconstitutional

acts and having the opportunity to intervene to prevent those acts.

43.     Defendants GARTNER, RODRIGUEZ, LASCH, and GEYER are each liable by

his own direct actions, but also are liable as supervisors in the Chicago Police Department who

approved, condoned, or turned a blind eye to the unconstitutional acts of members of the Chicago

Police Department over which they had control.

44.     By reason of the conduct of defendants HARRINGTON, WALLS, McKENNA,

LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER,

plaintiffs, CHARLES HILL and DONNA HILL, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff CHARLES HILL Against Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS, PUFPAF, GARTNER, RODRIGUEZ, LASCH, GEYER, and SUVADA for Illegal Seizure and Retention of Property, and Damage to Property

45.     Plaintiff CHARLES HILL incorporates and realleges paragraphs 1-32, as though set forth herein in their entirety.

46.     Defendants illegally seized and/or retained plaintiff CHARLES HILL's firearms and ammunition, which he legally owned.

47.     Plaintiff suffered both the loss of his property and lost wages as a security guard because of the seized firearms and ammunition.

48.     Defendants illegally seized and/or retained plaintiff's cash.

49.     Plaintiff suffered damage to the lock on his gun locker.

50.     Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

51.     Defendants GARTNER, RODRIGUEZ, LASCH, and GEYER are each liable by his own direct actions, but also are liable as supervisors in the Chicago Police Department who approved, condoned, or turned a blind eye to the unconstitutional acts of members of the Chicago Police Department over which they had control.

52.     By reason of the conduct of defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, GEYER, and SUVADA, plaintiff CHARLES HILL was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**Plaintiff CHARLES HILL Against Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, GEYER, and SUVADA for DUE PROCESS VIOLATION**

53.     Plaintiff CHARLES HILL incorporates and realleges paragraphs 1-32, as though set forth herein in their entirety.

54.     Defendants illegally seized and/or retained without due process plaintiff CHARLES HILL's firearms and ammunition, which he legally owned.

55.     Plaintiff suffered both the loss of his property and lost wages as a security guard because of the seized firearms and ammunition.

56.     Defendants illegally seized and/or retained without due process plaintiff's cash.

57.     Plaintiff suffered damage to the lock on his gun locker.

58.     Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

59.     Defendants GARTNER, RODRIGUEZ, LASCH, and GEYER are each liable by his own direct actions, but also are liable as supervisors in the Chicago Police Department who

approved, condoned, or turned a blind eye to the unconstitutional acts of members of the Chicago

Police Department over which they had control.

60.     By reason of the conduct of defendants HARRINGTON, WALLS, McKENNA,

LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, GEYER, and

SUVADA, plaintiff CHARLES HILL was deprived of rights, privileges, and immunities secured

to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and

laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C.

§ 1983.

**COUNT V**
**Plaintiffs, CHARLES HILL and DONNA HILL, Against Defendants HARRINGTON,**
**WALLS, McKENNA, LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ,**
**LASCH, and GEYER for Illegal Detention**

61.     Plaintiffs, CHARLES HILL and DONNA HILL, incorporate and reallege

paragraphs 1-32 as though set forth herein in their entirety.

62.     Defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS,

PUFPAF, GARTNER, RODRIGUEZ, LASCH, and GEYER illegally detained plaintiffs,

CHARLES HILL and DONNA HILL, while they illegally searched their home.

63.     The detention was unconstitutional at its inception and unconstitutional in its

scope. The length of the detention and the circumstances of the detention were not reasonable.

64.     Each defendant is liable by his/her direct actions and/or by a failure to intervene in

the unconstitutional acts of other officers, despite having knowledge of those unconstitutional

acts and having the opportunity to intervene to prevent those acts.

65.     Defendants GARTNER, RODRIGUEZ, LASCH, and GEYER are each liable by

his own direct actions, but also are liable as supervisors in the Chicago Police Department who

approved, condoned, or turned a blind eye to the unconstitutional acts of members of the Chicago Police Department over which they had control.

66.     By reason of the conduct of defendants HARRINGTON, WALLS, McKENNA, LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, GEYER, and SUVADA, plaintiffs, CHARLES HILL and DONNA HILL, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT VI
### Plaintiffs, CHARLES HILL and DONNA HILL, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)

67.     Plaintiffs, CHARLES HILL and DONNA HILL, incorporate and reallege paragraphs 1-32, as though set forth herein in their entirety.

68.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

69.     Defendants McKENNA, LIEBHABER, PURVIS,  PUFPAF, GARTNER, RODRIGUEZ, LASCH, GEYER, and SUVADA were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

70.     Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, CHARLES HILL and DONNA HILL, request judgment as follows against defendants Parole Agent C. HARRINGTON #L13, Parole Agent WALLS #L77, ELENA B. McKENNA, SCOTT P. LIEBHABER, ROBERT W. PURVIS, MATTHEW M. PUFPAF, JOHN A. GARTNER, DAVID M. RODRIGUEZ, ALAN P. LASCH, KEVIN S.

GEYER, STEVEN E. SUVADA, and CITY OF CHICAGO on the claims set forth above, and

specifically:

A.  That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

B.  That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter;

C.  That defendants, except CITY OF CHICAGO, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter;

D.  That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision;

E.  That defendants be required to pay plaintiffs' costs of the suit herein incurred; and

F.  That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request A TRIAL BY JURY.**

Dated: August 15, 2018                          /s/   Irene K. Dymkar
                                                      Irene K. Dymkar

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiffs
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123