IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HILL and DONNA HILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 18 cv 5592 |
| v. | ) | |
| | ) | Judge Edmond Chang |
| C. HARRINGTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HARRINGTON'S RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO CORRECT CALCULATIONS FOR ATTORNEYS' FEES
AND FOR ORDER ACCEPTING CORRECTED BILLING RECORDS**

Defendant Christopher Harrington, by and through his attorney Kwame Raoul, the Illinois Attorney General, and for his response to Plaintiffs' motion for leave to correct calculations for attorneys' fees and for order accepting corrected billing records, states as follows:

Plaintiffs move to correct an alleged computational error in the billing records they provided to undersigned counsel in September 2022 and then subsequently filed with the Court. (ECF Nos. 376-2, 376-3). The billing records indicate a total amount of hours billed, and then a deduction for time spent working on matters relating to the City of Chicago defendants. Plaintiffs now claim that these billing records mistakenly double-deducted the time spent on work relating to the City of Chicago defendants and request they be permitted to add 119.5 hours to their fee petition, adding $52,142.50 to the petition for attorneys' fees.

Plaintiffs make this request after the parties have engaged in the Rule 54.3 process, Plaintiffs filed their initial brief in support of their fee petition, Defendant filed his brief in opposition to the fee petition, and six days before Plaintiffs' reply brief is due. Plaintiffs' request is prejudicial to Defendant because the billing record's listing of "total hours," which were then subtracted by an amount listed as "city hours" to reach an amount listed as "adjusted total hours"

gave the impression that that the "total hours" were a combination of the non-city hours and the city hours and the adjusted total hours was an accurate representation of the amount of hours being claimed by the petition. Accordingly, Defendant formed his position on the fee petition based on that representation. Plaintiffs should be estopped from making such a substantial change to their fee petition at this late stage.

Moreover, Plaintiffs' request to make a late change to their fee petition is concerning. As Defendant argued in his response to the fee petition, Plaintiffs' billing records are not sufficiently detailed, the amount of hours claimed are unreasonably high even before this request is taken into account, and Plaintiffs billed for work related to the City Defendants when they should not have. (ECF No. 381 at 14-16). This mistake demonstrates Plaintiffs' overall lack of care when formulating their fee request. Plaintiffs' request to add 119.5 hours to their fee request, inflating their already excessive request by $52,142.50 should be denied.

WHEREFORE, Defendant Harrington respectfully requests that this Court deny Plaintiffs' motion for leave to correct calculations for attorneys' fees and for order accepting corrected billing records.

|  |  |
|---|---|
|  | Respectfully submitted, |
| KWAME RAOUL<br>*Attorney General*<br>*State of Illinois* | /s/ Hal Dworkin<br>HAL B. DWORKIN<br>MAGGIE JONES<br>Assistant Attorneys General<br>Office of the Illinois Attorney General<br>100 W. Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-5159<br>Hal.Dworkin@ilag.gov<br>Margaret.Jones@ilag.gov |